UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN D. LEE, II, *Pro Se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-512 |
| ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for disposition of Plaintiff's Amended Complaint and Response to Answer by Defendants with Motion for Summary Judgment [Doc. 16].[1] This motion was filed on April 9, 2007, by Plaintiff John Lee, who is proceeding pro se. For administrative purposes, this Court has bifurcated the motion as both a motion to amend the complaint, accompanied by the amended complaint [Doc. 16], and a motion for summary judgment [Doc. 17]. Only the motion to amend the complaint [Doc. 16] is presently at issue.

Plaintiff's Amended Complaint and Response to Answer by Defendants with Motion for Summary Judgment [Doc. 16] contains numerous, often contradictory, alleged causes of action

---

[1] Because a party may only amend a pleading by leave of court or by written consent of the adverse party and neither of these conditions has been satisfied, this Court is treating Plaintiff's Amended Complaint and Response to Answer by Defendants with Motion for Summary Judgment as including a motion to amend the complaint. See Fed. R. Civ. P. 15 (a).

and assertions of wrongdoing. However, the primary differences between the original Complaint [Doc. 1] and the Amended Complaint [Doc. 16] is that Plaintiff's wife, Tami Lee, was added as a Plaintiff, President George Walker Bush was added as a Defendant, and numerous claims were added to the original claim revolving around Plaintiff's denial of social security benefits. The Commissioner responded in his Opposition to Plaintiff's Motion to Amend Complaint [Doc. 24] by arguing that the amendment is futile and must therefore be denied.

Rule 15(a) of the Federal Rules of Civil Procedures explicitly states that leave to amend a pleading should be "[f]reely given when justice so requires." The Supreme Court has construed Rule 15(a) to mean that:

> [i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999) (utilizing the Supreme Court's interpretation of Rule 15(a) in Foman to decide whether a proposed amendment should be allowed). Additionally, this Court must apply "less stringent standards" when evaluating whether a pro se pleading states a claim for which relief can be granted. Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Wolfel v. United States, 711 F.2d 66, 67 (6th Cir. 1983) (noting that pro se litigants should be accorded a measure of leniency to assure "[t]hat meritorious claims will not be dismissed for inartful draftsmanship"). However, lenient treatment has limits. Pilgrim, 92 F.3d at 416. Though pro se litigants lack legal training, they are not fully immune from the rules of procedure and, specifically,

are held to court procedures which are clear and understandable by the layman. Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).

Courts must deny leave to amend where amendment would be futile. Stohler v. Menke, 836, 838 (E.D. Tenn. 1997) (citing Frank v. D'Ambrosi, 4 F.3d 1378, 1384 (6th Cir. 1993). Defendant is correct in his assertion that the amendment is futile based on a lack of subject matter jurisdiction because Plaintiff failed to assert a proper jurisdictional basis for the claims alleged in his amended complaint.

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued. . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit. United States v. Mitchell, 445 U.S. 535, 538 (1980) (alterations in original and internal citations omitted). Sovereign immunity cannot be waived by implication, but rather must be unequivocally expressed. Id. (citing United States v. King, 395 U.S. 1, 4 (1969)). As his jurisdictional basis, Plaintiff cites to 42 United States Code Section 423. [See Doc. 16]. This section, however, does not set forth a jurisdictional basis for this case. Instead, it sets forth the definitions and provisions which relate to social security disability insurance benefit payment. Therefore, Plaintiff has failed to cite to any statutory provision which would establish this Court's authority to hear the numerous claims enumerated in the Amended Complaint or to enter a judgment against the President.

Accordingly, this Court finds Plaintiff's Motion to Amend the Complaint to be futile. As such, Plaintiff neither has leave of Court nor the consent of Defendant to file an Amended Complaint. Accordingly, the Amended Complaint [Doc. 16] must be stricken from the record. The

document will continue to exist as the presently pending Motion for Summary Judgment [Doc. 17] to be read in conjunction with the original Complaint [Doc. 1].

Accordingly, it is ordered that:

(1) Plaintiff's implied Motion for Leave to Amend is **DENIED**;

(2) Plaintiff's Amended Complaint [Doc. 16] is **STRICKEN FROM THE RECORD**; and

(3) Plaintiff's Motion for Summary Judgment [Doc. 17] will remain pending, to be construed in accordance with the Complaint [Doc. 1].

**IT IS SO ORDERED.**

                                        **ENTER:**

                                        _s/ C. Clifford Shirley, Jr._
                                        United States Magistrate Judge