UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

JOHN D. LEE )
)
V. ) NO. 3:05-CV-512
)
MICHAEL S. ASTRUE, )
Commissioner of Social Security )

REPORT AND RECOMMENDATION

This matter has been referred to the undersigned by order [Doc. 31] of the Chief District Judge for a report and recommendation with regard to the Motion for Summary Judgment [Doc. 17] of plaintiff and the Motion for Summary Judgment [Doc. 25] of the defendant Commissioner.

The plaintiff was 42 years of age at the time of his hearing before the Administrative Law Judge. He had past relevant work as a car salesman, advertising salesperson, race car driver and Air Force mechanic. He alleged disability beginning December 15, 1997 due to fibromyalgia, Attention Deficit Disorder ("ADD"), migraine headaches, neck pain, insomnia and mental confusion.

Plaintiff is representing himself. All of his pleadings have been rambling, with very little information on point and vast amounts of irrelevant information beyond the pale of anything seen by this Magistrate Judge in any other Social Security appeal. Examples in the plaintiff's brief include arguments (1) that the Social Security system "fraudulently induces" individuals to pay into the system [Doc. 17, pg. 15]; (2) that the Social Security system is a "slave tax," making all employees slaves of the Social Security Administration [*id.*, pg 16]; and (3) that the Administration is guilty of treason for rewarding and inviting invasion by

tens of millions of illegal aliens from foreign nations who are murdering U. S. citizens [*id.*, pg. 20].

It is also evident from reading the hearing transcript that the administrative hearing was not a pleasant experience for either the plaintiff or the ALJ. The ALJ had a vocational expert present at the hearing, but decided to postpone questioning him in order to give the plaintiff 30 days to gather more medical evidence to support his claim. The hearing was held November 18, 2003. The ALJ did not render his hearing decision until April 29, 2004; plaintiff failed to present any further evidence between the time of the hearing and the ALJ's decision. No further hearing was held. However, the process used by the ALJ in arriving at his decision that the plaintiff was not disabled is most troublesome.

The ALJ determined that the plaintiff was 42 years of age and had the residual functional capacity for performing "a significant range" of medium work. The ALJ then states that "[i]f the claimant were capable of performing the full range of medium work, a finding of 'not disabled' would be directed by the Medical-Vocational Guidelines." However, the ALJ opinied that "[t]he claimant's ability to perform all or substantially all of the requirements of medium work is impeded by additional exertional and/or non-exertional limitations." He relied upon a "vocational specialist's comment" for the finding that the plaintiff could not return to his past relevant work. The vocational specialist is an employee of the Tennessee Department of Human Services, and the "comment" is found at Tr. 201-202.

The ALJ also relied upon the vocational specialist's comments as evidence that the plaintiff "*might* make a vocational adjustment" (emphasis added) to jobs of stacker, heavy

sorter and agricultural packer. Using Medical-Vocational Rules 203.28 and 203.31 as a framework for decision, the ALJ found that the plaintiff was not disabled, and had not been disabled for any continuous 12 month period since the disability onset date [TR. 23-24].

The ALJ found that the plaintiff's mental impairments were "severe." He also found that "[d]ue to his psychological problems, he has moderate limitation in the activities of daily living and moderate limitation in social functioning. He has moderate limitation in concentration, persistence, or pace, and he experienced no episodes of decomposition."

If a Social Security claimant establishes that he cannot return to his past relevant work, then the Commissioner must show that a significant number of jobs exist in the national economy which the claimant can perform. If a claimant has no non-exertional impairments, this can be accomplished by use of the Medical-Vocational Guidelines. If there are non-exertional impairments, the ALJ takes evidence from a vocational expert. Indeed, there was a vocational expert present at the hearing for that very purpose, but the ALJ decided not to use him at that time due to the fact that plaintiff wanted to submit additional medical evidence (which he ultimately failed to do).

The question the Court has is: where is the substantial evidence upon which the ALJ relied in determining that there were jobs the plaintiff could perform? The "vocational specialist comments" to which the ALJ refers in his decision, although largely indecipherable,[1] appear to make no mention of the plaintiff's non-exertional mental impairments. Also, the Court has absolutely no inkling of the qualifications of the vocational specialist. More likely than not, the ALJ decided not to endure another potentially

---

[1] In fact, the signature of the vocational specialist is not legible.

unpleasant administrative hearing and elected not to establish a significant number of jobs through a qualified vocational expert. The "vocational specialist comments" are not substantial evidence that a significant number of jobs exist which a person with the plaintiff's severe mental impairments could perform.

That being said, the record by no means proves on its face that the plaintiff is disabled. It is recommended that this case be remanded to the defendant Commissioner. It is further recommended that plaintiff be examined by a physician and a mental health professional and that both prepare assessments. It is also recommended that a qualified vocational expert be questioned regarding available jobs. To that end, it is recommended that the plaintiff's Motion [Doc. 17] be GRANTED only for remanding the case as aforesaid. It is also recommended that the defendant's Motion [Doc. 25] be DENIED.[2]

Respectfully Submitted:

 s/ Dennis H. Inman
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).

4